# Exhibit 1

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHANNON BIANCHI,

        *Plaintiff,*

        vs.

MIDLAND CREDIT MANAGEMENT, INC.,

        *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. AR-21-**003924**

**COMPLAINT IN CIVIL ACTION**

Filed on Behalf of Plaintiff:
Shannon Bianchi

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:       jward@jpward.com

## **NOTICE TO DEFEND**

**YOU HAVE BEEN SUED IN COURT.** If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.

YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. If you do not have a lawyer, go to or telephone the office set forth below. This office can provide you with information about hiring a lawyer. IF YOU CANNOT AFFORD TO HIRE A LAWYER, this office may be able to provide you with information about agencies that may offer legal service to eligible persons at a reduced fee or no fee:

LAWYER REFERRAL SERVICE
11TH FLOOR KOPPERS BUILDING,
436 SEVENTH AVENUE
PITTSBURGH, PENNSYLVANIA 15219
TELEPHONE: (412) 261-5555

**HEARING NOTICE YOU HAVE BEEN SUED IN COURT.** The above Notice to Defend explains what you must do to dispute the claims made against you. If you file the written response referred to in the Notice to Defend, a hearing before a board of arbitrators will take place in the Compulsory Arbitration Center. Report to the Arbitration Assembly Room, Courtroom Two, Seventh Floor City-County Building, 414 Grant Street, Pittsburgh, Pennsylvania 15219, on **December 1**, 2021, at 9:00 A.M.

IF YOU FAIL TO FILE THE RESPONSE DESCRIBED IN THE NOTICE TO DEFEND, A JUDGMENT FOR THE AMOUNT CLAIMED IN THE COMPLAINT MAY BE ENTERED AGAINST YOU BEFORE THE HEARING. DUTY TO APPEAR AT ARBITRATION HEARING IF ONE OR MORE OF THE PARTIES IS NOT PRESENT AT THE HEARING, THE MATTER MAY BE HEARD AT THE SAME TIME AND DATE BEFORE A JUDGE OF THE COURT WITHOUT THE ABSENT PARTY OR PARTIES. THERE IS NO RIGHT TO A TRIAL DE NOVO ON APPEAL FROM A DECISION ENTERED BY A JUDGE.

NOTICE: You must respond to this complaint within twenty (20) days or a judgment for the amount claimed may be entered against you before the hearing. If one or more of the parties is not present at the hearing, the matter may be heard immediately before a judge without the absent party or parties. There is no right to a trial de novo on appeal from a decision entered by a judge.

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHANNON BIANCHI,                                CIVIL DIVISION

       *Plaintiff,*                          **ELECTRONICALLY FILED**

       vs.                                  Case No. AR-21-003924

MIDLAND CREDIT MANAGEMENT, INC.,

       *Defendant.*

## COMPLAINT

AND NOW, comes Plaintiff, Shannon Bianchi, by and through the undersigned counsel, J.P. Ward & Associates, LLC and, specifically, Joshua P. Ward, Esquire, who files the within Complaint in Civil Action against Defendant, Midland Credit Management, Inc., of which the following is a statement:

## PARTIES

1.      **Plaintiff, Shannon Bianchi (hereinafter "Shannon Bianchi"), is an adult individual** who currently resides at PO Box 66, McKeesport, PA 15135-0066.

2.      **Defendant, Midland Credit Management Inc., (hereinafter "Midland** Credit **Management"), is a corporation with its principal place of business located at** 350 Camino De La Reina, San Diego, California 92108.

## JURISDICTION AND VENUE

3.      Jurisdiction is proper as Plaintiff brings this lawsuit under the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.* **(hereinafter, the "FDCPA").**

4.      Venue is proper pursuant to Pa.R.C.P. 2179(a)(2) because Defendant regularly conducts business in Allegheny County, Pennsylvania, and because Defendant is subject to general jurisdiction of Allegheny County, Pennsylvania.

2

## PROCEDURAL HISTORY AND FACTUAL ALLEGATIONS

5.     On August 4, 2020, Midland Credit Management, filed a Civil Complaint against Shannon Bianchi in Magisterial District Court at Docket Number: MJ-36303-CV-0000087-2020. A true and correct copy of the Docket is attached hereto, made a part hereof, and marked as Exhibit "A".

6.     In response to the aforesaid lawsuit, Shannon Bianchi engaged The Law Firm of Fenters Ward for representation.

7.     On September 8, 2020, The Law Firm of Fenters Ward served Midland Credit Management with a **letter, (hereinafter, the "First Dispute Letter")** wherein Midland Credit Management was informed of the disputed nature regarding the alleged debt and that Shannon Bianchi was represented by counsel. A true and correct copy of the First Dispute Letter is attached hereto, made a part hereof, and marked as Exhibit "B".

8.     This First Dispute Letter specifically stated that Shannon Bianchi **"denie[d] owing** Midland Credit Management, Inc. **any amount of money" and informed** Midland Credit Management, Inc. that Shannon Bianchi **disputed any and all "Debts"** Midland Credit Management claimed to posses**s. See Exhibit "B".**

9.     **"Debts" as defined within the** First Dispute Letter **delineated and included "any** related debt(s) and/or credit account(s) your company [Midland Credit Management] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter. See E**xhibit "B".**

10.     **Within the First Dispute Letter, The Law Firm of Fenters Ward demanded "proof** of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and amendments thereto, any other written or signed documents agreed to by my

3

client, as well as a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your **ownership rights to the specific accounts.**" See Exhibit "B".

11.     Following the First Dispute Letter, Midland Credit Management possessed a duty to reflect the disputed nature of any and all tradelines associated with Shannon Bianchi and to communicate said disputed nature to any and all credit reporting agencies.

12.     Furthermore, Midland Credit Management was directed to cease and desist from contacting Shannon Bianchi directly. See Exhibit **"B"**.

13.     On September 8, 2020, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend on Shannon Bianchi**'s behalf**. True and correct copies of the Entry of Appearance and Notice of Intent to Defend are attached hereto, made a part hereof, and marked as Exhibit **"C"**.

14.     On October 22, 2020, a Civil Action Hearing was held before the Honorable Joseph **Schafer, Magisterial District Judge. See Exhibit "A"**.

15.     On October 22, 2020, at the conclusion of the Civil Action hearing, Judge Joseph Schafer granted a JUDGMENT FOR DEFENDANT in favor of Shannon Bianchi and against Midland Credit Management. A true and correct copy of the Notice of Judgment is attached hereto, made a part hereof, and marked as Exhibit "D".

16.     **On November 21, 2020, Midland Credit Management's appeal period expired,** making Judge Joseph **Schafer's JUDGMENT FOR DEFENDANT a final judgment: rendering the** alleged debt extinguished, invalid, and unenforceable.

4

17.    Following the First Dispute Letter, Midland Credit Management had a duty to report the disputed nature of any and all tradelines associated with Shannon Bianchi.

18.    On or about December 11, 2020, and December 15, 2020, Midland Credit Management mailed Shannon Bianchi documentation in an attempt to communicate about the collection of alleged debts. A true and correct copy of the letter is attached hereto, made a part hereof, and marked as Exhibit "E".

19.    Once again, on or about July 9, 2021, Midland Credit Management mailed Shannon Bianchi documentation in an attempt to communicate about the collection of alleged debts. See Exhibit "E".

20.    Midland Credit Management communicated with Shannon Bianchi despite the September 8, 2020 First Dispute Letter specifically delineating Shannon Bianchi's representation by The Law Firm of Fenters Ward and its direction to cease and desist any further communication with Shannon Bianchi as it relates to the collection "Debts[.]" See Exhibit "B".

21.    Midland Credit Management was aware of Shannon Bianchi's representation by The Law Firm of Fenters Ward from the First Dispute Letter mailed to Midland Credit Management and by the Magisterial District court proceedings. See Exhibits "A" and "B".

22.    Midland Credit Management failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to Shannon Bianchi. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Credit Management.

23.    The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Credit Management or its agents or legal representatives.

24.     Midland Credit Management violated 15 U.S.C.A. § 1692c(a)(2) when it communicated directly with Shannon Bianchi, in an attempt to collect an alleged debt, despite its knowledge of **Shannon Bianchi's** representation by The Law Firm of Fenters Ward.

25.     On January 19, 2021, Midland Credit Management caused false and inaccurate information about Shannon Bianchi to be furnished to TransUnion as Midland Credit Management **"updated" a tradeline associated with a disputed debt possessing an alleged balance of $1,201. A** true and correct copy of the tradeline is attached hereto, made a part hereof, and marked as Exhibit "F".

26.     Midland Credit Management reported the abovementioned tradeline as **""Remarks – >PLACED FOR COLLECTION<" and "Pay Status – >In Collection<". See Exhibit "F".**

27.     Further, on January 19, 2021, Midland Credit Management reported to TransUnion that a tradeline associated with a balance of $1,279 **was "Remarks – >PLACED FOR COLLECTION<" and "Pay Status – >In Collection<".**

28.     This furnished information associated with the alleged and disputed debts controverted the disputed nature of the alleged debts and purported the alleged debts to be undisputed.

29.     Therefore, Midland Credit Management falsely represented the character and legal status of the alleged and disputed debt in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

30.     Upon falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Midland Credit Management communicated credit information which is known or which should be known to be false in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

31.     Furthermore, Midland Credit Management failed to report the disputed nature of the tradeline associated with the alleged and disputed debt in violation of 15 U.S.C. § 1692e(8) of the FDCPA.

## COUNT I
### VIOLATIONS OF THE FDCPA, 15 U.S.C. § 1692, *et seq.*

32.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

33.     There is abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors. Abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy. 15 U.S.C. 1692(a).

34.     The purpose of the FDCPA **is to "eliminate abusive debt collection practices by** debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect **consumers against debt collection abuses." 15** U.S.C. § 1692(e).

35.     **Shannon Bianchi is a "consumer" as defined by § 1692a(3) of the FDCPA.**

36.     **Midland Credit Management is a "debt collector" as defined by § 1692a(6) of the** FDCPA.

37.     **Upon information and belief, the alleged "debt" arises out of an alleged transaction entered into primarily for personal, family, or household purposes.** "The term 'debt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment." **15 U.S.C.** § 1692a(5).

7

38.     The Third Circuit has held that the FDCPA is to be enforced by private attorney

generals. *Weiss v. Regal Collections*, 385 F.3d 337, 345 (3d. Cir. 2004).

39.     Section 1692e of the FDCPA provides:

> A debt collector may not use any false, deceptive, or misleading
> representation or means in connection with the collection of any
> debt. Without limiting the general application of the foregoing, the
> following conduct is a violation of this section: (2) The false
> representation of – (A) the character, amount, or legal status of any
> debt; (8) Communicating or threatening to communicate to any
> person credit information which is known or which should be known
> to be false, including the failure to communicate that a disputed debt
> is disputed.

15 U.S.C. § 1692e of the FDCPA.

40.     On September 8, 2020, The Law Firm of Fenters Ward served Midland Credit

Management with the First Dispute Letter wherein Midland Credit Management was informed of

the disputed nature regarding any and all alleged debts associated with Shannon Bianchi. See

Exhibit "B".

41.     Following the First Dispute Letter, Midland Credit Management possessed a duty

to reflect the disputed nature of any and all tradelines associated with Shannon Bianchi and to

communicate said disputed nature to any and all credit reporting agencies.

42.     On January 19, 2021, Midland Credit Management furnished information to

TransUnion regarding a disputed debt possessing an alleged balance of $1,201.

43.     Midland Credit Management reported that the tradeline associated with the alleged

**and disputed debt was "Remarks:** >PLACED FOR COLLECTION<" **and "Pay Status:** >In

Collection<." **See Exhibit "F".**

8

44.     Further, on January 19, 2021, Midland Credit Management reported to TransUnion that a tradeline associated with a balance of $1,279 was "**Remarks** – >PLACED FOR COLLECTION<" and "**Pay Status** – >**In Collection**<".

45.     This communication of credit information associated with the alleged and disputed debts controverted its disputed nature and thereby constituted a false representation of the character and legal status of the alleged debts in violation of 15 U.S.C. § 1692e(2)(a) of the FDCPA.

46.     By falsely and inaccurately representing the character and legal status of the alleged and disputed debt, Midland Credit Management thereby communicated credit information which is known or which should be known to be false and thus violated 15 U.S.C. § 1692e(8) of the FDCPA.

47.     In the abovementioned report, Midland Credit Management failed to report the disputed nature of the tradeline associated with the alleged and disputed debt in further violation of 15 U.S.C. § 1692e(8) of the FDCPA. See **Exhibit "F"**.

48.     Section 1692d of the FDCPA provides, in relevant part: "**A debt collector may not** engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person **in connection with the collection of a debt.**"

49.     Here, the only **natural consequence of Midland Credit Management's acts of** willfully communicating credit information which was known to be false was to harass, oppress, and abuse Shannon Bianchi.

50.     **As such, Midland Credit Management's conduct, as set forth above, violated** 15 U.S.C. § 1692d of the FDCPA.

51.     Section 1692k(a) of the FDCPA provides, in relevant part:

> **…any debt collector who fails to comply with any provision of this** subchapter with respect to any person is liable to such person in an

> amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C. § 1692k(a) of the FDCPA.

52.     As a direct and proximate result of **Midland Credit Management's** violations of the FDCPA, as set forth above, Shannon Bianchi has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Shannon Bianchi, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Midland Credit Management, Inc., and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C. §1692k(a), costs and **attorney's fees** pursuant to 15 U.S.C. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

### COUNT II
### VIOLATION OF THE FDCPA, 15 U.S.C.A. § 1692, et seq.

53.     Plaintiff incorporates the allegations contained in the paragraphs, above, as if fully set forth at length herein.

54.     Section 1692c(a)(2) of the FDCPA provides:

> Without the prior consent of the consumer given directly to the debt collector or the express permission of a court of competent jurisdiction, a debt collector may not communicate with a consumer in connection with the collection of any debt--if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer.

15 U.S.C.A. § 1692c(a)(2)

55.     On September 8, 2020, The Law Firm of Fenters Ward served Midland Credit Management with the First Dispute Letter informing Midland Credit Management of its representation of Shannon Bianchi. See Exhibit "B".

56.     The First Dispute Letter specifically delineated that Midland Credit Management was to "cease and desist any further communications with my client [Shannon Bianchi] as it relates to the collection of 'Debts.'" See Exhibit "B".

57.     "Debts" as defined within the First Dispute Letter delineated and included "any related debt(s) and/or credit account(s) your company [Midland Credit Management] claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter." See Exhibit "B".

58.     On September 8, 2020, The Law Firm of Fenters Ward filed an Entry of Appearance and an Intent to Defend Notice on Shannon Bianchi's behalf. See Exhibit "A".

59.     On or about December 11, 2020, and December 15, 2020, Midland Credit Management mailed Shannon Bianchi documentation relating to the collection of alleged debts. See Exhibit "E".

60.     Once again, on or about July 9, 2021, Midland Credit Management mailed Shannon Bianchi documentation in an attempt to communicate about the collection of alleged debts. See Exhibit "E".

61.     Midland Credit Management possessed knowledge of Shannon Bianchi's representation by The Law Firm of Fenters Ward from the First Dispute Letter mailed to Midland Credit Management. See Exhibit "B".

62.     Midland Credit Management, additionally, possessed knowledge of Shannon Bianchi's representation by The Law Firm of Fenters Ward from the Magisterial District Court proceedings and the related Magisterial documents. See Exhibit "A".

63.     Midland Credit Management possessed knowledge of the name and address of The Law Firm of Fenters Ward through the First Dispute Letter and the Magisterial Court proceedings. See Exhibits "A" and "B".

64.     Alternatively, Midland Credit Management could have readily ascertained the name and address of The Law Firm of Fenters Ward from either reviewing the First Dispute Letter or from reviewing the Magisterial Court docket or related documents produced by the Magisterial Court proceedings. See Exhibits "A" and "B".

65.     Midland Credit Management failed to engage in any communicative efforts with The Law Firm of Fenters Ward pertaining to Shannon Bianchi. Therefore, The Law Firm of Fenters Ward did not fail to respond within a reasonable amount of time to a communication from Midland Credit Management.

66.     The Law Firm of Fenters Ward did not consent to any direct client communications with Midland Credit Management or its agents or legal representatives.

67.     A court of competent jurisdiction did not provide Midland Credit Management with the express permission to communicate with Shannon Bianchi.

68.     Midland Credit Management therefore violated 15 U.S.C.A. § 1692c(a)(2) when it communicated directly with Shannon Bianchi despite its knowledge of Shannon Bianchi's representation by The Law Firm of Fenters Ward.

69.     Section 1692d of the FDCPA provides, in relevant part: "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

70.     Here, the only natural consequence of Midland Credit Management's acts of communicating directly with Shannon Bianchi was to harass, oppress, and abuse Shannon Bianchi.

71.     As such, Midland Credit Management's conduct, as set forth above, violated 15 U.S.C.A § 1692d of the FDCPA.

72.     Section 1692k(a) of the FDCPA provides, in relevant part:

...any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of – (1) any actual damages sustained by such person as the result of such failure; (2)(A) in the case of any action by an individual, such additional damages as the court may allow, but not exceeding $1,000; and (3) in the case of any successful action to enforce the foregoing liability, the costs of the action, together with a reasonable attorney's fee as determined by the court."

15 U.S.C.A. § 1692k(a).

73.     As a direct and proximate result of Midland Credit Management's violations of the FDCPA, as set forth above, Shannon Bianchi has suffered annoyance, anxiety, embarrassment, emotional distress, and severe inconvenience.

WHEREFORE, Plaintiff, Shannon Bianchi, respectfully requests that this Honorable Court enter judgment in their favor and against Defendant, Midland Credit Management, Inc., and enter an award of monetary damages as described herein, not in excess of arbitration limits, including an award for actual damages, statutory damages pursuant to 15 U.S.C.A. §1692k(a), costs and attorney's fees pursuant to 15 U.S.C.A. § 1692k(a), and such other and further relief as this Honorable Court deems just and proper.

13

**JURY TRIAL DEMANDED UPON APPEAL OR REMOVAL.**

Respectfully Submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: **September** 1, 2021

By:_____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

# EXHIBIT A

# Magisterial District Judge 36-3-03

## DOCKET

Docket Number: MJ-36303-CV-0000087-2020

### Civil Docket



Midland Credit Management

v.

Shannon M. Bianchi

Page 1 of 2

### CASE INFORMATION

| | | | |
|---|---|---|---|
| Judge Assigned: | Magisterial District Judge Joseph Schafer | File Date: | 08/04/2020 |
| Claim Amount: | $1,852.68 | Case Status: | Closed |
| Judgment Amount: | | County: | Beaver |

### CALENDAR EVENTS

| Case Calendar Event Type | Schedule Start Date | Start Time | Room | Judge Name | Schedule Status |
|---|---|---|---|---|---|
| Civil Action Hearing | 09/10/2020 | 11:00 am | | Magisterial District Judge Joseph Schafer | Continued |
| Civil Action Hearing | 10/22/2020 | 10:00 am | | Magisterial District Judge Joseph Schafer | Scheduled |

### CASE PARTICIPANTS

| Participant Type | Participant Name | Address |
|---|---|---|
| Defendant | Bianchi, Shannon M. | Monaca, PA 15061 |
| Plaintiff | Midland Credit Management | Philadelphia, PA 19113 |

### DISPOSITION SUMMARY

| Docket Number | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-36303-CV-0000087-2020 | Midland Credit Management | Shannon M. Bianchi | Judgment for Defendant | 10/22/2020 |

### ATTORNEY INFORMATION

| **Complainant's Attorney** | **Private** |
|---|---|
| Name: Daniel Santucci, Esq. | Name: Travis Andrew Gordon, Esq. |
| Representing: Midland Credit Management | Representing: Bianchi, Shannon M. |
| Counsel Status: Active - Entry of Appearance | Counsel Status: Active - Entry of Appearance |
| Supreme Court No.: 092800 | Supreme Court No.: 328314 |
| Phone No.: 866-300-8750 | Phone No.: 412-545-3016 |
| Address: Midland Credit Management, Inc. 1 International Plaza, 5th Floor Philadelphia, PA 19113 | Address: Law Firm Of Fenters Ward 201 S Highland Ave Pittsburgh, PA 15206 |
| Entry of Appearance Filed Dt: 08/04/2020 | Entry of Appearance Filed Dt: 09/09/2020 |
| Withdrawal of Entry of Appearance Filed Dt: | Withdrawal of Entry of Appearance Filed Dt: |

Printed: 07/09/2021  3:51 pm

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in *the court wherein the record is maintained.*

## Magisterial District Judge 36-3-03

### DOCKET



Docket Number: MJ-36303-CV-0000087-2020

# Civil Docket

Midland Credit Management

v.

Shannon M. Bianchi

Page 2 of 2

### DOCKET ENTRY INFORMATION

| Filed Date | Entry | Filer | Applies To |
|---|---|---|---|
| 10/22/2020 | Judgment for Defendant | Magisterial District Court 36-3-03 | Shannon M. Bianchi, Defendant |
| 09/09/2020 | Intent to Defend Filed | Shannon M. Bianchi | Shannon M. Bianchi, Defendant |
| 09/09/2020 | Entry of Appearance Filed | Travis Andrew Gordon, Esq. | Shannon M. Bianchi, Defendant |
| 08/04/2020 | Entry of Appearance Filed | Daniel Santucci, Esq. | Midland Credit Management, Plaintiff |
| 08/04/2020 | Civil Complaint Filed | Midland Credit Management | |

Recent entries made in the court filing offices may not be immediately reflected on these docket sheets . Neither the courts of the Unified Judicial System of the Commonwealth of Pennsylvania nor the Administrative Office of Pennsylvania Courts assumes any liability for inaccurate or delayed data , errors or omissions on these docket sheets.  You should verify that the information is accurate and current by personally consulting the official record reposing in the court wherein the record is maintained.

# EXHIBIT B



**THE LAW FIRM OF**
# FENTERS WARD
A I M   T O   W I N

JOSHUA WARD, ESQ.

MANAGING PARTNER

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

412-545-3016 OFFICE
412-540-3399   FAX

September 08, 2020

Midland Credit Management, Inc.
c/o Daniel Joseph Santucci, Esq.

1 International Plaza 5th Floor
Philadelphia, PA 19113

*SENT VIA U.S. MAIL*

> Re:          Our Client:  Shannon M Bianchi
>                 Docket Number:     MJ-36303-CV-0000087-2020
>                 Account Number(s):xxx

To Whom It May Concern:

Please accept this letter as confirmation of my representation of **Shannon M Bianchi** with a current address of **21075 Genter Street, Warren, MI 48089, United States.** My representation of the above-mentioned client includes any related debt(s) and/or credit account(s) your company claims to have, sold, purchased and/or assigned from yourself, another creditor, debt buyer or other entity as of the date of this letter **(the "Debts")**. **Please cease and desist any further communications** with my client as it relates to the collection of Debts.

According to my client, your company has been reporting the above-referenced accounts to collection and/or credit agencies.   My client denies owing **MIDLAND CREDIT MANAGEMENT, INC.** any amount of money and demands proof of liability, accounting and ownership of these alleged accounts. The proof shall include any agreements and any amendments thereto, any other written or signed documents agreed to by my client, as well as, a complete history of billing statements reflecting how you calculated the current amount claimed, owed, reported to the collection and/or credit agencies and complete copies of any assignment documentation evidencing your ownership rights to the specific accounts.

Pursuant to the Consumer Financial Protection Act **(CFPA)** 12 U.S.C. 5533(a) and the Fair Debt Collection Practices Act **(FDCPA)** 15 U.S.C. § 1692 et seq. we request that you provide additional documents related to the Debt you claim is owed by our client:

1. the original account-level documentation reflecting all purchases, payments, or other actual uses of the account;

2. a document signed by our client evidencing the opening of the account forming the basis for the debt;

3. *the name of the creditor at the time of charge-off, including the name under which the creditor did business with our client;*



THE LAW FIRM OF

# FENTERS WARD

A I M   T O   W I N

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

JOSHUA WARD, ESQ.

MANAGING PARTNER

412-545-3016 OFFICE
412-540-3399   FAX

4.      the last four digits of the account number associated with the debt at the time our client's last monthly account statement, or, if not available, at the time of charge-off; the charge-off balance;

5.      ***MIDLAND CREDIT MANAGEMENT, INC.'s*** method of calculating any amount claimed in excess of the charge-off balance;

6.      a copy of the statement where ***MIDLAND CREDIT MANAGEMENT, INC.*** offered to provide our client (within 30 days of a written request) with copies of a document signed by our client evidencing the opening of the account forming the basis for the debt; and the original account-level documentation reflecting a purchase, payment, or other actual use of the account.

Please be advised that at all times relative hereto, we are disputing this debt under the FDCPA, FCRA, FCEUA and/or the UTPCPL.  **AS SUCH YOU MUST 1) NOTIFY ANY CRAs YOU HAVE FURNISHED INFORMATION TO THAT THIS TRADE LINE IS DISPUTED; 2) YOU MUST CEASE ALL COLLECTION ATTEMPTS AND DELETE THE TRADE LINE UPON FINAL DISMISSAL OF THE DEBT COLLECTION LAWSUIT IF JUDGMENT IS RENDERED IN FAVOR OF DEFENDANT.**  You may direct the requested proof to my office at the address listed above.  **YOU HAVE THIRTY (30) DAYS TO PROVIDE THE REQUESTED PROOFS.**  All future correspondence or contact shall be directed to my office until my office provides written confirmation of termination of legal representation, if such termination should ever occur. **YOU MUST PROVIDE THIS NOTICE TO ANY ASSIGNEE, TRANSFEREE OR SUBSEQUENT OWNER OF THIS OR ANY DEBT. IF YOU FAIL IN ANY OF THESE REGARDS, YOU WILL BE SUBJECT TO LIABILITY UNDER FEDERAL AND STATE CONSUMER PROTECTION LAWS.**

Very truly yours,

*/s/ Travis Gordon*
Travis A. Gordon, Esq.
tgordon@fentersward.com
PA Bar I.D.: 328314

TAG/tmn
Cc: Shannon M Bianchi

**UNITED STATES POSTAL SERVICE ®**

**Firm Mailing Book For Accountable Mail**

| Name and Address of Sender | Check type of mail or service | |
|---|---|---|
| The Law Firm of Fenters Ward<br>201 South Highland Ave.<br>Suite 201<br>Pittsburgh, PA 15206 | ☐ Adult Signature Required<br>☐ Adult Signature Restricted Delivery<br>☐ Certified Mail<br>☐ Certified Mail Restricted Delivery<br>☐ Collect on Delivery (COD)<br>☐ Insured Mail<br>☐ Priority Mail | ☐ Priority Mail Express<br>☐ Registered Mail<br>☐ Return Receipt for Merchandise<br>☐ Signature Confirmation<br>☐ Signature Confirmation Restricted Delivery |

**Affix Stamp Here** *(for additional copies of this receipt).* *Postmark with Date of Receipt.*

| USPS Tracking/Article Number | Addressee (Name, Street, City, State, & ZIP Code ™) | Postage | (Extra Service) Fee | Handling Charge | Actual Value if Registered | Insured Value | Due Sender if COD | ASR Fee | ASRD Fee | RD Fee | RR Fee | SC Fee | SCRD Fee | SH Fee |
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| | | | | | | | | | | | | | | |
| 5. Shannon M. Bianchi<br>cv-87 Intent, Entry, First,<br>Accept, Regcont | Midland Credit Mang. Daniel<br>Santucci, 1 International plaza<br>Smeltor, Philadelphia PA 19113 | | | | | | | | | | | | | |
| 7. | | | | | | | | | | | | | | |
| 8. | | | | | | | | | | | | | | |

| Total Number of Pieces Listed by Sender | Total Number of Pieces Received at Post Office | Postmaster, Per *(Name of receiving employee)* |
|---|---|---|
| | | |

PS Form **3877,** January 2017 (Page 1 of 2)
PSN 7530-02-000-9098

**Complete in Ink**

Privacy Notice: For more information on USPS privacy policies, visit *usps.com/privacypolicy.*

EXHIBIT C

COMMONWEALTH OF PENNSYLVANIA

COUNTY OF Beaver



**ENTRY OF APPEARANCE PURSUANT TO PARCPMDJ 207.1(A)**

| | |
|---|---|
| Mag. Dist. No: | 36-3-03 |
| MDJ Name: | Honorable Joseph Schafer |
| Address: | 226 Center Grange Road (Front) |
| | Aliquippa, PA |
| | 15001 |
| Telephone: | 724-775-1714 |

MIDLAND CREDIT MANAGEMENT, INC.

v.

SHANNON M BIANCHI

Docket No: MJ-36303-CV-0000087-2020
Case Filed: 08/04/2020

**TO THE MAGISTERIAL DISTRICT COURT:**

Please enter my appearance on behalf of Defendant SHANNON M BIANCHI

In the above captioned matter.

Attorney Name: ____Travis A. Gordon_____

Supreme Court of Pennsylvania Attorney Identification Number: ___328314_____

Firm Name:___The Law Firm of Fenters Ward_____

Address:_____201 South Highland Avenue, Suite 201_____

City, State, Zip Code: ___Pittsburgh, Pennsylvania 15206_____

I certify that this filing complies with the provisions of the Case Records Public Access Policy of the Unified Judicial System of Pennsylvania that require filing confidential information and documents differently than non-confidential information and documents.

*/s/ Travis A. Gordon*
Signature of Applicant

September 08, 2020
Date



THE LAW FIRM OF
# FENTERS WARD
A I M   T O   W I N

JOSHUA WARD, ESQ.

MANAGING PARTNER

201 SOUTH HIGHLAND AVE., SUITE 201
PITTSBURGH, PA 15206

**412-545-3016** OFFICE
412-540-3399   FAX

September 08, 2020

Magisterial District 36-3-03
Honorable Joseph Schafer
226 Center Grange Road (Front)
Aliquippa, PA 15001
*Phone:* 724-775-1714
*Sent via fax:* 724-775-4254

**RE:   MJ-36303-CV-0000087-2020.  MIDLAND CREDIT MANAGEMENT, INC. vs.
SHANNON M BIANCHI**

### INTENT TO DEFEND NOTICE:

DEFENDANT INTENDS TO ENTER A DEFENSE. PLEASE CONSIDER THIS NOTICE PER
Pa. R. Civ. P. MAG DIST J RULE 305(4)(a).

PLEASE NOTIFY PLAINTIFF THAT DEFENDANT HAS ENTERED NOTICE TO DEFEND PER
Pa. R. Civ. P. MAG DIST J RULE 318.

ALSO, PLEASE UPDATE THE DOCKECT TO SHOW THAT DEFENDANT INTENDS TO
DEFEND AS WELL AS OUR ENTRY OF APPEARANCE.

Very truly yours,

*/s/ Travis Gordon*
Travis A. Gordon, Esq.
tgordon@fentersward.com
PA Bar I.D.: 328314

TAG/tmn
Cc: Daniel Joseph Santucci, Esq.
Shannon M Bianchi

# EXHIBIT D

COMMONWEALTH OF PENNSYLVANIA
COUNTY OF BEAVER



**NOTICE OF JUDGMENT/TRANSCRIPT
CIVIL CASE**

| | |
|---|---|
| Mag. Dist. No: | MDJ-36-3-03 |
| MDJ Name: | Honorable Joseph Schafer |
| Address: | 226 Center Grange Road, Front<br>Aliquippa, PA 15001 |
| Telephone: | 724-775-1714 |

Travis Andrew Gordon, Esq.
Law Firm Of Fenters Ward
201 S Highland Ave
Pittsburgh, PA 15206

Midland Credit Management
v.
Shannon M. Bianchi

Docket No:   MJ-36303-CV-0000087-2020
Case Filed:   8/4/2020

---

## Disposition Details

**Disposition Summary**  (cc - Cross Complaint)

| Docket No | Plaintiff | Defendant | Disposition | Disposition Date |
|---|---|---|---|---|
| MJ-36303-CV-0000087-2020 | Midland Credit Management | Shannon M. Bianchi | Judgment for Defendant | 10/22/2020 |

Comments:

ANY PARTY HAS THE RIGHT TO APPEAL WITHIN 30 DAYS AFTER THE ENTRY OF JUDGMENT BY FILING A NOTICE OF APPEAL WITH THE PROTHONOTARY/CLERK OF COURT OF COMMON PLEAS, CIVIL DIVISION.   YOU MUST INCLUDE A COPY OF THIS NOTICE OF JUDGMENT/TRANSCRIPT FORM WITH YOUR NOTICE OF APPEAL.

EXCEPT AS OTHERWISE PROVIDED IN THE RULES OF CIVIL PROCEDURE FOR MAGISTERIAL DISTRICT JUDGES, IF THE JUDGMENT HOLDER ELECTS TO ENTER THE JUDGMENT IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ALL FURTHER PROCESS MUST COME FROM THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT AND NO FURTHER PROCESS MAY BE ISSUED BY THE MAGISTERIAL DISTRICT JUDGE.

UNLESS THE JUDGMENT IS ENTERED IN THE COURT OF COMMON PLEAS OR THE PHILADELPHIA MUNICIPAL COURT, ANYONE INTERESTED IN THE JUDGMENT MAY FILE A REQUEST FOR ENTRY OF SATISFACTION WITH THE MAGISTERIAL DISTRICT JUDGE IF THE JUDGMENT DEBTOR PAYS IN FULL, SETTLES, OR OTHERWISE COMPLIES WITH THE JUDGMENT.

10/22/2020
Date

Magisterial District Judge Joseph Schafer

I certify that this is a true and correct copy of the record of the proceedings containing the judgment.

_____
Date

_____
Magisterial District Judge





Midland Credit Management
v.
Shannon M. Bianchi

Docket No.: MJ-36303-CV-0000087-2020

# Participant List

**Private(s)**

Travis Andrew Gordon, Esq.
Law Firm Of Fenters Ward
201 S Highland Ave
Pittsburgh, PA  15206

**Plaintiff(s)**

Midland Credit Management
1 International Plaza 5th Floor
Philadelphia, PA  19113

**Defendant(s)**

Shannon M. Bianchi
932 Washinton Ave  apt 6
Monaca, PA  15061

**Complainant's Attorney(s)**

Daniel Santucci, Esq.
Midland Credit Management, Inc.
1 International Plaza, 5th Floor
Philadelphia, PA  19113



FREE INTERPRETER
www.pacourts.us/language-rights
724-770-4668

## VERIFICATION

I, JOSHUA P. WARD, ESQ., have read the foregoing COMPLAINT and verify that the statements therein are correct to the best of my personal knowledge, information, and/or belief. I have gained this information from discussions with Plaintiff. This verification is made on behalf of Plaintiff. Plaintiff will produce their verification if/when there is an objection by Defendant or upon directive from the court.

I understand that this verification is made subject to the penalties of 18 Pa. C.S.A. 4904 relating to unsworn falsification to authorities, which provides that if I knowingly make false averments, I may be subject to criminal penalties.

Respectfully submitted,

**J.P. WARD & ASSOCIATES, LLC**

Date: **September** 1, 2021      By: _____

Joshua P. Ward (Pa. I.D. No. 320347)
Kyle H. Steenland (Pa. I.D. No. 327786)

J.P. Ward & Associates, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Counsel for Plaintiff

15

# CONFIDENTIAL
# DOCUMENT FORM



*Case Records* **Public Access Policy of the Unified Judicial System of Pennsylvania**
204 Pa. Code § 213.81
www.pacourts.us/public-records

SHANNON BIANCHI
(Party name as displayed in case caption)

Vs.

MIDLAND CREDIT MANAGEMENT, INC.
(Party name as displayed in case caption)

AR-21-003924
Docket/Case No.

Common Pleas Allegheny
Court

This form is associated **with** the pleading titled **Complaint**_____, dated September 1____, 2021.

Pursuant to the **Case Records Public Access Policy of the Unified Judicial System of Pennsylvania**, the Confidential Document Form **shall accompany** a filing where a confidential document is required by law, ordered by the court, or is otherwise necessary to effect **the** disposition of a matter. This form shall be accessible to the public, however, the documents attached **shall** not be publicly accessible, except as ordered by a court. The documents attached will be available to the parties, counsel of record, the court, and the custodian. **Please only attach documents necessary for the purposes of this case**. Complete the entire form and check all that apply. This form and **any additional pages** must be served on all unrepresented parties and counsel of record.

| Type of Confidential Document | Paragraph, page, etc. where the confidential document is referenced in the filing: |
|---|---|
| ☒ Financial Source Documents | |
| ☐ Tax Returns and schedules | |
| ☐ W-2 forms and schedules including 1099 forms or similar documents | |
| ☐ Wage stubs, earning statements, or other similar documents | |
| ☒ Credit card statements | Exhibit E, F |
| ☒ Financial institution statements (e.g., investment/bank statements) | Exhibit E, F |
| ☐ Check registers | |
| ☐ Checks or equivalent | |
| ☐ Loan application documents | |
| ☐ Minors' educational records | |
| ☐ Medical/Psychological records | |
| ☐ Children and Youth Services' records | |
| ☐ Marital Property Inventory and Pre-Trial Statement as provided in Pa.R.C.P. No. 1920.33 | |
| ☐ Income and Expense Statement as provided in Pa.R.C.P. No. 1910.27(c) | |
| ☐ Agreements between the parties as used in 23 Pa.C.S. §3105 | |

I certify that this filing complies with the provisions of the **Case Records Public Access Policy of the Unified Judicial System of Pennsylvania** that require filing **confidential information** and documents differently than non-confidential information and documents.

*/s/ Joshua P. Ward*
Signature of Attorney or **Unrepresented Party**

Name: Joshua P. Ward

Address: 201 South Highland Avenue, Suite 201

Pittsburgh, PA 15206

09/01/21
Date

Attorney Number: (if applicable) 320347

Telephone: (412) 545-3015

Email: jward@jpward.com

Rev. 7/2018

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

SHANNON BIANCHI,

     *Plaintiff,*

     vs.

MIDLAND CREDIT MANAGEMENT, INC.,

     *Defendant.*

CIVIL DIVISION

**ELECTRONICALLY FILED**

Case No. GD-21-003924

**CONFIDENTIAL EXHIBIT TO
COMPLAINT IN CIVIL ACTION
EXHIBIT E, F**

Filed on Behalf of Plaintiff:
Shannon Bianchi

Counsel of Record for this Party:
**J.P. WARD & ASSOCIATES, LLC**

Joshua P. Ward
Pa. I.D. No. 320347

J.P. WARD & ASSOCIATES, LLC
The Rubicon Building
201 South Highland Avenue
Suite 201
Pittsburgh, PA 15206

Telephone:    (412) 545-3015
Fax No.:      (412) 540-3399
E-mail:       jward@jpward.com

# EXHIBIT E

# EXHIBIT F

USPS CERTIFIED MAIL



9214 8901 9403 8349 1044 09

3453.1

**FIRST CLASS MAIL**

quadient
FIRST-CLASS MAIL
**$007.96**
09/13/2021 ZIP 15206
043M31217099

US POSTAGE

09/16/21 12:15:40-P



J.P. WARD
& ASSOCIATES, LLC
PITTSBURGH • PHILADELPHIA

201 SOUTH HIGHLAND AVE, SUITE 201. PITTSBURGH. PA 15206

**MIDLAND CREDIT MANAGEMENT INC**
**350 CAMINO DE LA REINA**
**SAN DIEGO CA 92108-3007**








FIRST CLASS MAIL

FIRST CLASS MAIL

MIDLAND CREDIT MANAGEMENT INC 350 CAMINO DE LA REINA SAN DIEGO CA 92108-3007
PLACE STICKER AT TOP OF ENVELOPE TO THE RIGHT OF THE RETURN ADDRESS. FOLD AT DOTTED LINE

CERTIFIED MAIL®